```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          FOR ONLINE PUBLICATION ONLY
----------------------------------------------------------------- X
RICHARD BONNER,                        :
                                       :
                    Petitioner,        :
                                       :
      - against -                      :         ORDER
                                       :
JOSEPH T. SMITH, Warden,               :         05 CV 4209 (JG)
                                       :
                    Respondent.        :
----------------------------------------------------------------- X
```

On February 24, 2006, I issued a Memorandum and Order, familiarity with which is assumed, granting in part Richard Bonner's petition for a writ of habeas corpus because "the prosecution adduced legally insufficient evidence to prove that [victims David] Foster and [Joseph] Battle sustained 'serious physical injury' within the meaning of New York Penal Law § 10.00(10), an essential element of the crime of assault in the first degree, New York Penal Law § 120.10(3)." Mem. and Order at 14. For relief, I "remanded [the case] to the New York Supreme Court, County of Kings, with instructions to vacate Bonner's convictions for first degree assault as to David Foster and Joseph Battle, and to reduce Bonner's sentence accordingly from a total of 75 years to 25 years." *Id*. at 16.

In a motion to amend the judgment pursuant to Fed. R. Civ. P. 59(e), the respondent points out that under New York Criminal Procedure Law § 470.15(2)(a), "[u]pon a determination that the trial evidence adduced in support of a verdict is not legally sufficient to establish the defendant's guilt of an offense of which he was convicted but is legally sufficient to establish his guilt of a lesser included offense, the [Appellate Division] may modify the judgment by changing it to one of conviction for the lesser offense." *Id*. As I noted previously, "[r]eckless endangerment in the first degree is ... identical to assault in the first degree but without the

element of 'caus[ing] serious physical injury to another person,' precisely the element the prosecution failed to prove." Mem. and Order at 14, *see* N.Y. Penal Law §120.25. Accordingly, the respondent contends that I should afford the Appellate Division the option to exercise its discretion to "modify the judgment of conviction by reducing the convictions for first-degree assault as to Foster and Battle to convictions for Reckless Endangerment in the First Degree ... and by sentencing [Bonner] on those reduced convictions." Resp. Mem. at 7.

Having heard no response from the petitioner after a reasonable time, and because I agree the Appellate Division is entitled to an opportunity to reconsider the case in light of my issuance of the writ, I will grant the respondent's motion to alter the judgment. The case is remanded to the Appellate Division with instructions to vacate Bonner's convictions for first-degree assault as to Foster and Battle and to take such other further action as is within its discretion under the law of New York.[1]

So ordered.


John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
       May 9, 2006

---

[1] I note that Bonner has already been charged with (and was convicted at trial of) one count of reckless endangerment in the first degree as to "the uninjured people in the crowd at the time of the incident." Trial Tr. at 975. As the respondent points out, under New York law, "reckless endangerment may [also] be charged with regard to endangering one specific individual." Resp. Mem. at 6, citing *People v. Davis*, 72 N.Y.2d 32, 36 (1988) ("Because the defendant's subjective intent is irrelevant, prior versions of the statute were read as providing that reckless endangerment was only committed where the defendant's indiscriminate conduct imperiled a group of persons, not where he targeted his actions toward a specific victim. It is now understood, however, that the crime may be committed even when the defendant's actions are directed against a particular individual."). In remanding Bonner's case, I express no view as to whether a defendant may properly be charged and convicted of reckless endangerment as to both a group and as to specific individuals within that group.